**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

JOYCE M. OVERLY                  )
                                          )
        Plaintiff,             )
                                          )       Case No. 05-2161-CM
vs.                               )
                                          )
BLACK & VEATCH CORPORATION   )
                                          )
        Defendant.       )

## PROTECTIVE ORDER

      This case comes before the court on the parties' joint motion for entry of a protective order (**doc. 10**). The parties have moved for entry of a protective order, whereby Defendant Black & Veatch (hereinafter "Defendant") would agree that counsel for Plaintiff Brendan J. Donelon will be given access to certain confidential employee records, business records and other confidential information in the possession, custody or control of Defendant, and counsel for Plaintiff is to hold such documents and information in confidence, using such information and documents only in connection with the prosecution of this pending litigation. Specifically, the confidential documents and/or information referenced below may contain information about Defendant's past and present employees which could include personal information about medical conditions and treatments, disciplinary actions, job status, salary information, and confidential communications between the employees and the employer. These documents may include, but are not specifically limited to, the documents containing the following types of confidential information:

      1.     Documents regarding Defendant's employment practices, including but not limited to documents and summaries regarding Defendant's employment policies and procedures.

      2.     Management and organizational structure information regarding Defendant.

      3.     Job descriptions and job responsibilities pertaining to various employment

positions with Defendant.

4.      Similarly, the information sought by Plaintiff and potentially produced in discovery may also include personal and highly confidential information about past or present employees of Defendant, including but not necessarily limited to the following:

a.      personnel, payroll, benefits and other similar files regarding a number of current and former employees of Defendant; and

b.      employment complaints or Charges of Discrimination for wrongful treatment filed by any employee of Defendant.

Similarly, Plaintiff Joyce M. Overly would agree that counsel for Defendant Black & Veatch will be given access to certain confidential medical records and information as well as employment information, and counsel for Defendant is to hold such documents and information in confidence, using such information and documents only in connection with the prosecution of this pending litigation.   These documents may include, but are not specifically limited to, the documents containing the following types of confidential information:

a.      documents regarding plaintiff's medical history, medical treatment, and/or other medical information; and

b.      documents pertaining to plaintiff's prior employment as well as prospective employment with any individual and/or organization.

Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.   Good cause exists for the issuance of a Confidentiality and Protective Order here because a majority of persons associated with this matter move in a relatively small educational community and, if the confidential information described herein was know in the general community, that knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could, potentially, impact upon certain persons' personal and work relationships.

Hence, the Court finds that if the Parties are given the above-described information and/or documentation, their ability to prosecute this action and/or defend this action would not be unreasonably limited by entry of this Confidentiality Order.   The Court concludes that good cause exists for entry of the proposed protective order.

**IT IS HEREBY ORDERED THAT:**

1.      The Court finds that the release of this information and/or documentation to parties outside this litigation could inhibit Defendant's relationships with their current and former employees and as such information and/or documentation contains information regarding other employees who have a reasonable expectation of privacy which should be respected.      Furthermore, the Court finds that the above-described information and/or documentation sought by Plaintiff and/or Defendant is considered personal, sensitive, and highly confidential by the party requested to produce such information.

2.      Confidential treatment as provided below may be claimed by either party for documents and information and any portion or summary thereof produced by that party to the other party falling into the categories listed above during pretrial discovery in this lawsuit.

The party claiming a document or information is confidential shall mark "CONFIDENTIAL" on the face of any document the party believes should be treated as confidential pursuant to this Order.   If a party designates any documents as confidential which the opposing party believes should not be treated as confidential, the opposing party shall so notify the party making the "confidential" designation in writing.   Within ten (10) days of service of such notification, the party claiming confidentiality shall file a motion seeking the Court's ruling as to the status of the documents at issue or else the classification of confidentiality for said documents shall be deemed automatically withdrawn. The documents at issue shall be treated as confidential until the end of the tenth (10th) day after service of notification or, if a motion is filed, until otherwise ordered by the Court.

3.      In the event that a party's counsel should desire to copy all or any portion of any documents being produced in response to a request for production, which have been designated by counsel as confidential, and marked "CONFIDENTIAL" on the face of the document, then said document shall be disclosed only to the parties and counsel of record and their clerical personnel; provided that any confidential documents and information may also be disclosed to other persons whose assistance is, in counsel's sole and exclusive opinion, necessary in conducting this litigation, upon the signing, prior to such disclosure, of a statement in the form attached hereto as Exhibit "1" by the person or persons to whom they are to be disclosed. Counsel shall also provide a copy of this Order to the person or persons to whom confidential information is disclosed.   Counsel shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof, except in accordance with paragraphs (4) and (5) herein.

4.      Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use them for the sole purpose of pursuing this litigation and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

5.      Counsel shall not unnecessarily disclose information contained in confidential documents on the public record of this proceeding or in written arguments or memoranda submitted to the Court.   Counsel shall have the right to use any information contained in confidential documents, and/or any confidential documents, during the actual trial of this cause of action, as said counsel deems necessary.   By signing this agreement, however, the parties do not waive any right to object at trial to the admissibility of any document or portion thereof, nor the right to file a motion in limine regarding the use at trial of any document or portion thereof.

6.      If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court.[1]  In the event that confidential documents falling into the categories listed above, including any portion or summary thereof or portions of deposition transcripts designated confidential, are filed or otherwise deposited with the Court, they shall be filed in an envelope bearing the following designation when deposited:

<u>CONFIDENTIAL</u>

IN ACCORDANCE WITH THE AGREEMENT BETWEEN THE PARTIES THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, THE COURT ITSELF, AND PERSONNEL WORKING FOR THE COURT.

7.    Within ninety (90) days of final adjudication, including  but not limited to final adjudication of any appeals or petitions for extraordinary writs, all copies of confidential documents in the actual or constructive custody of a party shall be returned to the producing party and counsel shall certify that all such documents and copies have been so returned.

IT IS SO ORDERED.

Dated this 18th day of July, 2005, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

Agreed to in form and substance:

_____

[1] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-*2 (D. Kan. June 30, 2004)(citations omitted).

/s/ Brendan J. Donelon
Brendan J. Donelon
Donelon, PC
802 Broadway, 7th Floor
Kansas City, Missouri  64105
(816) 221-7100
(816) 472-6805 FAX
**ATTORNEYS FOR PLAINTIFF**


AND


/s/ Kimberly A. Jones

| John R. Phillips | KS Court #70227 |
|---|---|
| Kimberly A. Jones | KS Bar #16684 |
| Hillary L. Hayes | KS Bar #20822 |

Blackwell Sanders Peper Martin
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080  FAX
**ATTORNEYS FOR DEFENDANT**